**THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**KMB AGRO-CHEMICALS, LLC,** :
:
**Plaintiff,** :
**v.** : **3:16-CV-02258**
: **(JUDGE MARIANI)**
**PLASTIC WORLD RECYCLING, INC.,** :
:
**Defendant.** :

**MEMORANDUM OPINION**

Presently before the Court are two motions filed by Defendant Plastic World Recycling, Inc. (hereinafter "Plastic World"): (1) a "Motion to Dismiss Complaint, Motion for Preliminary Injunction and Request for Entry of Default for Failure to Comply with Federal Rule of Civil Procedure § 7.1" (Doc. 11) and (2) a Motion to Set Aside Default (Doc. 18). The Court will address each motion in turn.

**A. "Motion to Dismiss Complaint, Motion for Preliminary Injunction and Request for Entry of Default for Failure to Comply with Federal Rule of Civil Procedure § 7.1"**

On December 4, 2016, Plastic World filed a "Motion to Dismiss Complaint, Motion for Preliminary Injunction and Request for Entry of Default for Failure to Comply with Federal Rule of Civil Procedure § 7.1" (Doc. 11) arguing that because Plaintiff KMB Agro-Chemicals, LLC (hereinafter "KMB") failed to file a Disclosure Statement pursuant to Federal Rule of Civil Procedure 7.1[1], Plaintiff's Complaint should be dismissed as well as Plaintiff's motion

[1] Defendant's motion cites to Federal Rule of Bankruptcy Procedure § 7.1 instead of Federal Rule of Civil Procedure § 7.1. (*See* Doc. 11, at 1). However, because there is no § 7.1 in the Federal Rules of Bankruptcy Procedure and Defendant's citation to the rule is a direct quotation of the language contained in

for preliminary injunction and that Plaintiff "should be deprived of its ability to enter default in [the] underlying Complaint since the Complaint itself was improperly filed." Defendant never filed a brief in support of this motion despite Plaintiff's assertion in its reply to Defendant's motion that the motion should be stricken for failure to comply with the Middle District of Pennsylvania Local Rules requiring the filing of a brief in support of a motion such as Defendant's (*see* Doc. 22, ¶ 5).

Plaintiff filed a disclosure statement pursuant to Rule 7.1 on December 5, 2016. (Doc. 13). On December 12, 2016, Defendant filed an Answer to Plaintiff's Complaint. (Doc. 20).

Pursuant to the Middle District of Pennsylvania Local Rules "[w]ithin fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn." M.D. Pa. L.R. 7.5. Here, over one month has passed and Defendant has failed to file any brief in support of its motion. As a result, the Court deems Defendant's motion withdrawn.[2]

---

Federal Rule of Civil Procedure § 7.1, the Court deems Defendant's one reference to the Bankruptcy rules to be an unintentional and harmless error.

[2] Even if Defendant had complied with the Local Rule requiring the submission of a brief in support of its motion, the motion would have been without merit. An examination of Federal Rule of Civil Procedure 12(b), and specifically the defenses recognized therein which may be raised by motion, makes clear that they do not encompass and clearly may not be founded upon a claim that an action may be dismissed for failure to file a Disclosure Statement pursuant to Rule 7.1.

## B. Motion to Set Aside Default

Plastic World's second motion requests that the Court set aside Plaintiff's Request for Entry of Default against Defendant because Plaintiff "failed to file its Disclosure Statement prior to the Request for Entry of Default." (Doc. 18, ¶ 6). Defendant's brief in support of this motion argues that "[t]his Court should vacate default because good cause exists; it was not the result of egregious behavior, and vacating default will not result in any prejudice to Plaintiff." (Doc. 19, at 1).

Preliminarily, the Court notes that although Plaintiff did file a Request for Entry of Default (Doc. 9), the docket reflects that the Clerk of Court never entered default in this action. Therefore, common sense dictates that a default cannot be set aside when it has never been entered. In that case, Defendant's motion would be unnecessary.

In the alternative, assuming that there is a default which Defendant must now seek to set aside, the Court will engage in an analysis of Federal Rule of Civil Procedure 55.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "A decision to set aside the entry of default . . . is left primarily to the discretion of the district court." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). The Third Circuit "does not favor entry of defaults" but rather "require[s] doubtful cases to be

resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'" *Id.* at 194-95 (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 245 (3d Cir. 1951)). A district court must consider the following factors in exercising its discretion over a motion to set aside default: "(1) whether lifting the default would prejudice the plaintiff; (2) whether the defendant has a *prima facie* meritorious defense; (3) whether the defaulting defendant's conduct is excusable or culpable; and (4) the effectiveness of alternative sanctions." *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987). Although the factors for determining whether to set aside a default judgment are the same as those used when determining whether to set aside an entry of default, these factors should be applied even more liberally when deciding whether to set aside a default. *Jackson v. Delaware Cnty*, 211 F.R.D. 282 (E.D. Pa. 2002).

When the Court balances the above factors in light of our Circuit's disfavor of judgments by default, it becomes clear that good cause exists for setting aside the entry of default.

First, the delay has caused Plaintiff no legally significant prejudice. "Under Rule 55, the prejudice requirement compels plaintiffs to demonstrate that the plaintiff's claim would be materially impaired because of the loss of evidence, an increased potential for fraud or collusion, substantial reliance on the entry of default, or other substantial factors." *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001); *see also Accu-Weather, Inc. v. Reuters Ltd.*, 779 F. Supp. 801, 802 (M.D. Pa. 1991) ("Prejudice exists if

circumstances have changed since entry of the default such that plaintiff's ability to litigate its claim is now impaired in some material way or if relevant evidence has become lost or unavailable. Detriment in the sense that plaintiff will be required to establish the merit of its claims does not constitute prejudice in this context."). Here, Defendant entered an appearance two days after Plaintiff filed its request for the entry of default and filed a motion to dismiss that same day. Although the Court recognizes the importance of a defendant quickly responding to a motion for a preliminary injunction, Defendant entered an appearance less than one month after this motion was filed and almost immediately began filing responses to Plaintiff's filings as well as participating in a conference call with Plaintiff's counsel and the Court to schedule an evidentiary hearing on Plaintiff's preliminary injunction motion. Further, in the two days between the time that Plaintiff requested that default be entered against Defendant and Defendant entering an appearance, nothing in the case changed. Nor has Plaintiff offered the Court anything to show that it suffered from Defendant's delay aside beyond the harm inherent in the passage of time itself. Thus, the "prejudice" prong favors setting aside the entry of default.

Second, the Defendant has shown a *prima facie* meritorious defense. "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *$55,518.05*, 728 F.2d at 195 (quoting *Tozer*, 189 F.2d at 244). "A court requires the defendant to raise specific facts beyond a general denial so that it has some basis for determining whether the

defendant can make out a complete defense." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995). Although Defendant's Answer provides minimal responses to Plaintiff's Complaint and is devoid of any factual assertions, Defendant's Answer also raises nineteen "Affirmative Defenses" and includes a Counterclaim against KMB. (*See* Doc. 20). Plastic World's Counterclaim appears to arise out of the same transaction or set of transactions as asserted in Plaintiff's Complaint and sets forth several factual allegations that if proven at trial, could constitute a defense to the action or at minimum significantly limit the amount of damages to which Plaintiff is entitled. Thus, this prong also favors setting aside the entry of default.

Third, little evidence exists to illuminate whether Defendant's conduct was excusable or culpable. "In this context culpable conduct means action taken willfully or in bad faith." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 123-24 (3d Cir. 1983). Defendant argues that its conduct was not "willful" for the following reasons:

> Defendant's counsel entered his appearance after the Request for Entry of Default was made by the Plaintiff. Defendant's counsel immediately reviewed the docket and noticed that Plaintiff failed to comply with the technical requirements to filing the Complaint. In this case, Counsel for the Plaintiff failed to file of the required documents, namely, the Disclosure Statement required by F.R.C.P. Sec. 7.1. As such, Defendant's counsel immediately filed a Motion to Dismiss the Complaint based upon Plaintiff's technical default.

(Doc. 19, at 2). Other than Defendant's first statement regarding the timing of his appearance, Defendant's assertion has no bearing on the present factor. The question of whether Plaintiff's failure to file the Disclosure Statement constituted a basis for dismissal of

the action is irrelevant to a determination of whether Defendant's conduct was excusable, culpable or willful. Without any explanation for why Defendant's counsel waited until Plaintiff requested that default be entered against Defendant to enter an appearance, it is difficult to tell if Defendant's conduct was excusable, as Defendant's counsel has not made the reasons or justifications for his delay known to the Court. But there is also no reason to believe that the delay was "culpable." The Court cannot infer merely from the fact that a brief delay occurred that the delay was somehow willful or in bad faith. And, again, Plaintiff has offered nothing to demonstrate culpability. Additionally, the Court remains mindful of the liberal application of the factors that a Court should take when analyzing whether to set aside default as well as the Third Circuit's requirement that "doubtful cases" be resolved in favor of the party moving to set aside the default or default judgment. Thus, the "excusability or culpability" prong weighs in favor of setting aside default.

Finally, refusing to set aside default solely because Defendant was several days late in responding to the Complaint would constitute an overly severe sanction, especially when, as here, the Defendant indicates that it is ready and willing to litigate the case on its merits. Given courts' strong preference to decide cases on their merits instead of on default and given the relatively short and not clearly culpable nature of Defendant's delay, the Court finds it appropriate and just to set aside any entry of default.[3]

[3] Because, to the extent that there was a default in this action, the Court is granting Defendant's Motion to Set Aside Default, it is unnecessary to address the merits of Defendant's argument that default should be set aside because Plaintiff "failed to file its Disclosure Statement prior to the Request for Entry of Default." (Doc. 18, ¶ 6).

## C. Conclusion

For the foregoing reasons, the Court will deem Defendant's Motion to Dismiss (Doc. 11) as withdrawn and grant Defendant's Motion to Set Aside Default (Doc. 18). A separate Order follows.

Robert D. Mariani
United States District Judge